1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY THOMAS,

    Plaintiff,

    v.

WALMART, INC., a foreign corporation

    Defendant.

NO.

(ISLAND COUNTY SUPERIOR COURT
CAUSE NO. 21-2-00115-15)

NOTICE OF REMOVAL BY
DEFENDANT WALMART INC.

*(CLERK'S ACTION REQUIRED)*

TO:    CLERK OF THE COURT;

AND TO: PLAINTIFF'S COUNSEL OF RECORD

## I. RELIEF REQUESTED

Defendant WALMART[] INC. ("Walmart") seeks to remove the above-captioned case from Island County Superior Court in Washington State to the United States District Court for the Western District of Washington at Seattle under 28 U.S.C. §§ 1332, 1441, and 1446.

## II. STATEMENT OF FACTS

1.   Underlying Incident

Plaintiff KELLY THOMAS ("Plaintiff") claims that she injured herself, and had to undergo surgery, as a consequence of slipping on water on the premises of a Walmart Supercenter located at 1250 SW Erie Street, Oak Harbor, Washington 98277 ("Oak Harbor

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7474434.1

Walmart").  *See* Declaration of Eddy Silverman, attached hereto as **Exhibit A**; *see also*
Complaint, attached hereto as **Exhibit B**.

2.  Walmart Discovery/Plaintiff's Late, Incomplete, and Still-Outstanding Responses

On April 6, 2021, Plaintiff filed a Complaint in the Superior Court of Washington for Island County arising out of the above described alleged events.  *See* Ex. B.

On April 19, 2021, Walmart served a statutory request for statement of damages under RCW 4.28.360 ("RSD"), due back within 15 days.  *See* RCW 4.28.360.  At the time of serving this Notice of Removal, roughly six months have elapsed since Walmart served the aforementioned RSD, which remains unanswered.

On May 26, 2021, Walmart served a set of Interrogatories and Requests for Production of Documents to Plaintiff, which included an Interrogatory asking Plaintiff to "set forth separately the amounts of (a) any special damages and (b) general damages you are seeking…."  *See* Interrogatory No. 29/Proof of Service, attached hereto as **Exhibit C**.

Plaintiff served responses to Walmart's initial written discovery over a month late, and there was nothing but an objection offered in reply to Interrogatory 29.  *See* Ex. C.[1]  The bases of the objection to Interrogatory 29, which again sought information about damages Plaintiff is claiming, were "relevance" and "not reasonably calculated to lead to discoverable evidence"—both unsustainable objections in defense counsel's view.  *See id.*

3.  Damages Information Finally Elicited From Plaintiff's Counsel

After emailing for several weeks just to get any responses to outstanding discovery, when the initial return of information from Plaintiff was deficient—most notably with respect to the issue of damages—defense counsel had to promptly set about asking for *full and complete* answers.  *See* emails regarding overdue/deficient rspns., attached hereto as **Exhibit**

---

[1] The "certification of service" provided by Plaintiff's counsel with these responses erroneously suggests that the responses were served on June 29 when in fact they were served on *July* 28.  *See* Ex. D (7/28/2021 at 2:42 PM).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7474434.1

1  **D**.  Counsel for Walmart emailed twice with no response, before calling on September 17, at
2  which time counsel for the respective parties finally connected regarding the damages issue.
3  *See id.* (9/17/2021 at 10:11 AM) (memorializing discussion).

4       Unfortunately, the September 17 discussion and the emails that followed created
5  confusion for the defense.  While Plaintiff's counsel had represented by phone on September
6  17, and soon thereafter seemed to confirm via email, that Plaintiff's "current estimate of the
7  amount in controversy does not exceed $75,000[,]" Plaintiff's counsel separately emailed a
8  demand, just minutes apart, with an accompanying "assessment" of damages proving that the
9  initial representations regarding the amount in controversy were untrue; this amount was
10  clearly in excess of $75,000.  *See* damages assessment emails, attached here to as **Exhibit E**.
11  In these emails, Plaintiff's counsel made a six-figure settlement demand—but more
12  importantly for the purposes of the present Notice, Plaintiff's counsel "assessed" $72,000 in
13  lost wages and $24,000 in medical costs ($96,000 total), while noting, with emphasis, "None of
14  these amounts consider pain and suffering."  *See id.*  In other words, Plaintiff assessed or
15  claimed special damages alone of nearly $100,000.  *Id.* (9/17 at 10:37 AM).

16       Counsel for Walmart wrote back to the September 17 damages assessment email
17  questioning how Plaintiff's counsel could represent that the amount in controversy does not
18  exceed $75,000 while demanding six figures and "claiming near-$100k just in special
19  damages."  *See* Ex. E (9/20 at 3:55 PM).  Defense counsel was clear that in the absence of any
20  explanation, Walmart would remove the case based on the representations concerning
21  damages.  *See id.*  In response, Plaintiff's counsel wrote that Plaintiff "intends to plead
22  damages $75,000 or less."  *Id.*

23       Defense counsel remains unsure of the meaning of opposing counsel's "pleading"
24  comment at the time of writing, as parties in Washington do not formally or otherwise plead
25  damages.  Doing so is expressly prohibited under RCW 4.28.360, which is why parties request

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7474434.1

"statements" from plaintiffs setting forth claimed damages under this statute. Again, Walmart did this and while Plaintiff did not formally respond to the RSD, her attorney has now provided what was termed an "assessment" under separate cover, functionally serving the same purpose.

In view of the foregoing, Walmart hereby removes this case based on the September 17 damages assessment, placing $96,000 in special damages alone in controversy in this matter.

## III. STATEMENT OF ISSUE

Whether this case may be properly removed to federal court where there is total diversity between the parties and the amount in controversy is in excess of $75,000 exclusive of interest and costs according to Plaintiff's assessment of damages.

## IV. EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court, as well as the Declaration of Eddy Silverman, Esq., attached hereto as Exhibit A.

## V. ARGUMENT

A. This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over The Lawsuit Filed by Plaintiff In Island County Superior Court

The district courts shall have original jurisdiction of all civil actions (1) where the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4); (2) where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and (3) where removal is timely. The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state court proceeding. *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005). "[A] demand letter sent during the course of the state court action can constitute 'other paper' within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho v. Equifax*, 629 F.3d 876, 885 (9th Cir. 2010) (citing *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007)).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7474434.1

When and how removability is "ascertainable" matters with respect to whether removal is timely under 28 U.S.C. § 1446. There are, generally speaking, two viable "removal periods." *See Harris*, 425 F.3d at 694. [1] A defendant has 30 days to remove a case if the removability of the case is evident on the face of the complaint; or [2] a defendant has 30 days beyond some later period from which it first becomes ascertainable that the case is removable. *See id.* ("[T]he first thirty-day requirement [to remove] is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives ['other paper'] from which it can ascertained…that removal is proper.") (citations omitted).

In this case, (1) diversity between the parties is evident on the face of the Complaint; (2) the fact that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs was not evident on the face of the Complaint, *but is now evident* from Plaintiff's September 17 damages assessment; and (3) insofar as Walmart is filing this Notice of Removal within 30 days of service of receiving the aforementioned assessment, this Notice is timely and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

 1. There Is Diversity Between The Parties

Per the Complaint, Plaintiff is a resident of Island County, Washington. *See* Ex. B at ¶1.1. Thus, Plaintiff is a citizen of Washington State. Walmart Inc. is (a) incorporated in Delaware and (b) its principal place of business is in Arkansas. Thus, Walmart is a citizen of Delaware or Arkansas, but not Washington State. *See* 28 U.S.C. § 1332(c)(1). Based on the foregoing, there is diversity between these parties as described in 28 U.S.C. § 1332(a)(1).

 2. The Amount In Controversy Exceeds The Sum Or Value Of $75,000

Per Plaintiff's email of September 17, Plaintiff is seeking nearly $100,000 in special damages alone, placing the amount in controversy in this matter well in excess of the $75,000

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7474434.1

jurisdictional minimum for removal.  Notably, this email was sent in response to Walmart's requests for damages information and purportedly *in place of* formal discovery requests seeking such information.  Ultimately though, the email itself, standing alone, constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b)(3)—irrespective of its status as a "formal" discovery response and/or Plaintiff's marking of the email with "ER 408."  *Accord Carvalho*, 629 F.3d 876 (holding that demand letters served during pendency of state court actions can constitute "other paper").  The fact-based "assessment" in the email ambiguously defines and states an amount of special damages, which is the basis of this removal action.

       3.  <u>Walmart's Notice Of Removal Is Timely</u>

In this matter, the case stated by the initial pleading was not removable (no specific amounts claimed in Complaint); however, Plaintiff's damages assessment email of September 17 constitutes "other paper" within the meaning of 28 U.S.C. § 1446 from which it could first be ascertained that this case is removable.  As this Notice is being filed within 30 days of receipt of that response/"other paper," this Notice is timely.

B.  <u>Walmart's Notice Of Removal Complies With All Applicable Local And Federal Procedural Rules Attendant To Removal</u>

       1.  <u>This Notice And Accompanying Documents Satisfy LCR 101</u>

Pursuant to LCR 101(b), in cases removed from state court, the removing defendant shall file contemporaneously with the notice of removal:

(1)  A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."

(2)  A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.

(3)  A copy of any Jury Demand filed in the state court, which must be filed as an attachment and labeled "Jury Demand."

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.6

1  In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this

2  Notice, or contemporaneously, file with the clerk of this Court black-on-white copies of all

3  additional records and proceedings in the state court, together with verification that they are

4  true and complete copies.  LCR 101(c).

5          Walmart has filed and/or otherwise provided true and complete copies of all of the

6  above referenced documents as required under local rules, including copies of all records and

7  proceedings filed in the state court proceeding removed by virtue of this petition.  These items

8  constitute and contain the entirety of the records and proceedings filed in King County

9  Superior Court as of the date of filing this Notice. True and complete copies of all pleadings,

10 records, and documents filed in the state court action are also attached hereto as **Exhibit F**.

11      2.  <u>Both The Federal And State Courts Are On Properly Notice Of This Removal Action</u>

12         This Notice is properly filed in the United States District Court for the Western District

13 of Washington because this Court embraces Island County, the county in which the state court

14 action is now pending.  *See* 28 U.S.C. §§ 128(b) and 1441(a).

15         Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk

16 of the Island County Superior Court and is also serving a copy of this Notice on Plaintiffs'

17 counsel of record in the state court action.

18                          VI. <u>CONCLUSION</u>

19         Walmart hereby removes this case from Island County Superior Court to the United

20 States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332,

21 1441, and 1446.  By removing, Walmart does not waive any defenses, including but not limited

22 to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

23 ///

24 ///

25 ///

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7474434.1

1  DATED this 15th day of October, 2021.

2

3                                             WILLIAMS, KASTNER & GIBBS PLLC

4

5                                             By:  s/Rodney L. Umberger
                                                   Rodney L. Umberger, WSBA No. 24948
6                                             By:  s/Eddy Silverman
                                                   Eddy Silverman, WSBA No. 53494

7                                             Two Union Square
                                              601 Union Street, Suite 4100
8                                             Seattle, WA 98101-2380
                                              Phone:  206.628.6600
9                                             Fax:    206.628.6611
                                              Email:  rumberger@williamskastner.com
10                                                    esilverman@williamskastner.com

11                                            *Counsel for Defendant Walmart Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.8

1

## CERTIFICATE OF SERVICE

2    The undersigned certifies under penalty of perjury under the laws of the State of

3 Washington that on the date indicated below, I caused service of a true and correct copy of the

4 foregoing document in the manner indicated below to:

5

6 WASHINGTON LAW CENTER                    ☑  ECF

7 Jonathan S. Burr, WSBA 43615
   651 Strander Blvd Ste 215
   Tukwila, WA 98188
8 Tel: (206) 596-7888
   Email: jburr@washingtonlawcenter.com
9 iaunia@washingtonlawcenter.com

10

11 *Counsel for Plaintiff*

12

13    Signed at Seattle, Washington this 15th day of October, 2021.

14                                    WILLIAMS, KASTNER & GIBBS PLLC

15                                    *s/Catherine Berry*_____
                                      Catherine Berry, Legal Assistant
16                                    cberry@williamskastner.com

17

18

19

20

21

22

23

24

25

NOTICE OF REMOVAL BY DEFENDANT WALMART INC.9