The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY THOMAS,<br><br>        Plaintiff,<br><br>  v.<br><br>WALMART, INC., a foreign corporation<br><br>        Defendant. | NO. 2:21-cv-01412 LK<br><br>DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>**Hearing Date: April 1, 2022** |

I. RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks dismissal of a civil lawsuit filed by Walmart-employee-Plaintiff KELLY THOMAS, which suit is barred by (a) the exclusivity provision of the Industrial Insurance Act, as well as by (b) a settlement agreement signed by Plaintiff releasing Walmart.

///
///
///
///
///
///

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 1
2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

## II. STATEMENT OF FACTS

1. Underlying Incident/Plaintiff's Status As Employee Of Walmart At Time Of Incident

Plaintiff claims that she slipped in a spot of water and fell on the premises of a Walmart Supercenter located at 1250 SW Erie Street, Oak Harbor, Washington ("Oak Harbor Walmart"), on April 21, 2019, which fall allegedly caused injury to her knee. *See* Declaration of Eddy Silverman, Esq., attached hereto as **Exhibit A**; *see also generally* Dkt. #1, Attach. 3 (Complaint). Plaintiff was allegedly entering the Oak Harbor Walmart for the purpose of delivering a doctor's note for the benefit of a co-worker on the date of the incident. Compl. ¶ 2.1. Plaintiff was an employee of Walmart at the time of the alleged events. *Id.* at 2.2. Notwithstanding her employee status on the date of the incident though, nor the fact that Plaintiff first pursued this matter as a workers' compensation claim, Plaintiff filed this lawsuit in April 2021 alleging that she "visited the Walmart store…as an invitee." *Id.* at ¶ 2.1.

2. Filing Of Workers' Compensation Claim/Denial Of Same

On or around June 10, 2019, Plaintiff filed a claim with the Washington Department of Labor and Industries ("L&I") (Claim No.: SK-97790) arising out of the April 21, 2019, alleged fall at Walmart, representing that the subject fall occurred in the course of her employment with Walmart. *See* L&I Claim Jurisdictional History, attached hereto as **Exhibit B**. L&I originally allowed Plaintiff's claim by Order dated July 5, 2019, but then reversed that Order, rejecting Plaintiff's claim, by superseding Order dated September 3, 2019. *See* L&I Accident Report/Initial Claim Documents, attached hereto as **Exhibit C**.

3. Plaintiff Retention Of Counsel/Appeal Of L&I Decision

Following the issuance of the September 3, 2019, Order denying Plaintiff's L&I claim, Plaintiff retained counsel—the same attorneys representing her in the lawsuit now venued in this Court. *See* Letter of Representation & request for reconsideration of 9/3/2019 Order,

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 2

2:21-cv-01412 LK

7511311.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

attached hereto as **Exhibit D**. On October 17, 2019, Plaintiff and her attorneys protested the Order denying Plaintiff's claim, but L&I denied the request for reconsideration and affirmed its Order. *See* Exs. C, D. Thereafter, Plaintiff challenged L&I's decision again, with a formal protest on or around December 13, 2019, followed by a Notice of Appeal dated December 24, 2019. *See* Ex. B.

At or around the time Plaintiff appealed the Order rejecting her L&I claim, her attorney, Jonathan S. Burr, Esq.—the same attorney who signed the Complaint against Walmart filed in Island County Superior Court representing that Plaintiff visited Walmart on the date of the incident "as an invitee"—wrote a two-page letter to L&I arguing that that Plaintiff was "injured in the work environment furthering [Walmart's] business…not as a member of the public." *See* 12/13/2019 Burr Ltr., attached hereto as **Exhibit E**. That is, counsel wrote a letter to L&I arguing that Plaintiff was injured in the course and scope of employment—*not* "as an invitee."

4. Filing Of Civil Lawsuit Claiming Plaintiff Was Invitee (Not Employee) When Injured

On January 15, 2020, L&I agreed to hear Plaintiff's appeal. *See* Ex. B; *see also* Order Granting Appeal/Litigation Orders, attached hereto as **Exhibit F**. At or around this time, L&I issued a Litigation Order establishing an appeal-filing deadline of February 1, 2021. *See id.* This Order would be amended twice at the request of Plaintiff and her attorneys, first pushing the appeal-filing deadline to May 2021, then August 2021. It was during this time, while Plaintiff was actively appealing L&I's Order, and arguing that Plaintiff was injured in her course of her employment with Walmart, that Plaintiff filed a civil lawsuit against Walmart in Island County Superior Court arguing precisely the opposite. *See* Compl. at ¶ 2.1 (alleging that "Plaintiff Kelly Thomas visited the Walmart store…as an invitee."); *see also id.* at ¶ 3.1 (alleging that Walmart is liable to Plaintiff by virtue of breaching a duty "to ensure the safety of the public"). In other words, in or around April 2021 Plaintiff was actively pursuing

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 3

2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

1 concurrent legal claims against Walmart which are, or should be, mutually exclusive: (1) a
2 workers' compensation appeal founded on the contention that Plaintiff was injured in the
3 course of her employment with Walmart, and (2) a civil lawsuit based on the contention that
4 she was not—that she was an "invitee" and member of "the public" at the time she was injured.

The lawsuit Plaintiff filed against her employer, Walmart, in April 2021 was accompanied by a "Certification of Service" declaring under penalty of perjury that Walmart's L&I attorney had been served with a copy of the Complaint, which was not true.  Plaintiff did not otherwise serve or notify Walmart of the concurrent civil lawsuit, nor withdraw the L&I appeal upon the filing of a civil lawsuit adopting a directly contrary factual/legal position. Incidentally, at the time Plaintiff filed this lawsuit, she and her attorneys would have had had roughly a year before the expiration of the statute of limitations.  *Accord* RCW 4.16.080(2). Thus, there was no "rush" or "need" to file a civil lawsuit arising out of the same incident while the L&I appeal remained pending.

5. Settlement Of Claims Arising Out Of April 2019 Incident/Continuation Of Civil Suit

On or around June 18, 2021, while Plaintiff's L&I appeal was still pending, and just a couple months after Plaintiff filed a civil suit unbeknownst to the attorneys representing Walmart in the L&I proceeding, Plaintiff and Walmart (collectively, "the parties") entered into a settlement agreement.  *See* Agreement for Compromise ("settlement Agreement"/"agreement"), attached hereto as **Exhibit G**.  Per the terms of this agreement, the parties "intend[ed] to fully and finally resolve any and all issues raised or raiseable…associated with [Plaintiff's] appeal…."  *See id.*  The agreement expressly referenced the incident of April 21, 2019, and the injury that allegedly occurred on that date (the same subject matter as this lawsuit).  *See id.* at II.  The parties agreed that the payment identified in the agreement was for settlement of "a disputed claim" for workers' compensation benefits, yet represented "a full,

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 4

2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

1   complete, and final settlement of issues concerning closure of Claimant's claim." *Id.* at VIII,

2   XII.  Finally, the parties agreed that if the Claimant (Plaintiff) were "to seek to set aside or

3   otherwise challenge" the Order dismissing her Appeal, that she would have to immediately

4   repay any settlement proceeds.  *Id.*

5      6.  Plaintiff's Default Status As Non-Employee/Invitee At Time Of Settlement

6   At the time Plaintiff settled her claim with Walmart for injuries arising out of the

7   alleged incident of April 21, 2019, the operative understanding of the parties was that Plaintiff

8   was not in the course of her employment at the time she was allegedly injured, as this was the

9   standing determination of L&I at the time of settlement.  In other words, Walmart's settlement

10  with Plaintiff was by definition, or default, premised on the operative understanding/finding

11  that she was "a member of the public" at the time she was injured at Walmart.

12  Notwithstanding settlement with Walmart on these terms, however, Plaintiff and her attorneys

13  did not withdraw the parallel civil lawsuit founded on the same operative understanding (i.e.,

14  Plaintiff injured when on premises as "an invitee").  Actually, Plaintiff's counsel attempted to

15  immediately negotiate another settlement with the attorneys representing Walmart in the civil

16  lawsuit—for $20,000 more than the first settlement, incidentally.  *See* email correspondence

17  from Pl.'s counsel, attached hereto as **Exhibit H**.

18              III. STATEMENT OF ISSUE(S)

19  Whether Plaintiff can maintain a civil suit against Walmart, her employer, for an

20  unintentional workplace injury when employers are immune from such lawsuits under

21  Washington's industrial insurance scheme, and where Plaintiff entered into a settlement

22  agreement with Walmart concerning the exact same incident and injuries wherein she released

23  Walmart from liability.

24  ///

25  ///

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 5

2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

## IV. EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court and the Declaration of Eddy Silverman, Esq., attached hereto as Exhibit A.

## V. LEGAL AUTHORITY

A. Plaintiff's Lawsuit Against Her Employer, Walmart, For Unintentional Workplace Injuries Should Be Dismissed As Such Lawsuits Are Barred By The Exclusivity Provision Of The Industrial Insurance Act

The workers' compensation act provides the excusive remedy in actions between employee and employer. *Spencer v. Seattle*, 104 Wash. 2d 30 (1985); *see also* RCW 51.04.010; *Corr v. Willamette Indus., Inc.*, 105 Wash. 2d 217 (1986) (en banc) (referring to "abolishment" of common law actions between employee and employer by the Washington legislature); *Provost v. Puget Sound Power & Light Co.*, 103 Wash. 2d 750 (1985) (en banc) ("By its express terms, the Washington workers' compensation act, RCW Title 51, bars all independent causes of action against the employer for damages arising out of unintentional injury to an employee."). The Supreme Court of Washington "has consistently recognized and reinforced the exclusive remedy provisions [of RCW 51.04.010 *et seq.*]." *Spencer*, 104 Wash. 2d at 32. "The purpose of the exclusive remedy provision of the workers' compensation law is to give immunity to the employer…. Its purpose is not to create artificial immunity." *Evans v. Thompson*, 124 Wash. 2d 435, 447 (1994).

This is a lawsuit which by its express allegations constitutes a claim or cause of action against an employer by an employee for unintentional workplace injuries. The prohibition on claims like these in Washington could not be more clear, with the seminal cases establishing that employers are "immune" from such suits—and that such immunity is not meant to be "artificial." Between these sorts of pronouncements, the "consistent recognition" of the exclusivity provisions of RCW Chapter 51, and the very "abolishment" of the cause of action

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 6

2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

Plaintiff seeks to assert here, this lawsuit should be summarily dismissed.

B. <u>Plaintiff Should Be Equitably Estopped From Arguing That She Was Injured "As A Member Of The Public" On Walmart Premises When She Spent Two Years Arguing The Opposite In A Collateral Legal Proceeding</u>

The basic elements of equitable estoppel are: (1) a party's admission, statement or act inconsistent with its later claim; (2) action by another party in reliance on the first party's act, statement or admission; and (3) injury that would result to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission. *Kramarevcky v. Dep't of Social and Health Servs.*, 122 Wash. 2d 738, 743 (1993) (en banc). Equitable estoppel is based on the principle that a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon. *Wilson v. Westinghouse Elec. Corp.*, 85 Wash. 2d 78, 81 (1975). In addition to satisfying each of the above three elements, the party asserting the doctrine of equitable estoppel must be free from fault in the transaction at issue. *Mutual of Enumclaw Ins. Co. v. Cox*, 110 Wash. 2d 643, 651 (1988).

The elements of equitable estoppel clearly apply here so as to provide an alternative basis, in equity, to dismiss Plaintiff's lawsuit. In other words, even if there was not a basis to summarily dismiss Plaintiff's lawsuit under RCW Chapter 51, as Walmart believes there is, Plaintiff's lawsuit should still be dismissed, because she should be equitably estopped from arguing that she was on Walmart premises as a member of the public, or as "an invitee," after taking the opposite position for two years. Plaintiff's position that she was in the course of her employment with Walmart, and her filing of an L&I claim based on this contention, led Walmart to settle with her in justifiable reliance on the belief she would maintain this position.

Considering the foregoing, and looking at the basic elements of equitable estoppel, (1) Plaintiff took the position that she was in the course of her employment with Walmart at the

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 7

2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

time she was injured, which is inconsistent with her position now; (2) Walmart acted in reliance on Plaintiff's original position by entering into a settlement agreement with her, exchanging monetary consideration in return for Plaintiff's abandonment of this position and dismissal of the L&I appeal; (3) Plaintiff has now changed her position 180 degrees, taking the stance that she was actually *not* in the scope of her employment at the time she was injured, which has already harmed Walmart by forcing the company to marshal a defense to this collateral action, and which stands to harm Walmart further by carrying the potential for an improper double recovery; and finally, (4) Walmart is fault-free with respect to the transaction/facts at issue.  Allowing Plaintiff to separately adopt directly opposite legal/factual positions in order to pursue double recovery for the same injuries would be inequitable, and her claim can and should be dismissed on this basis.

C. <u>Plaintiff's Lawsuit Should Be Dismissed Because She Released Walmart From Liability For Injuries And Claims Arising From The Underlying Incident</u>

Washington strongly favors and encourages settlement agreements. *Chadwick v. Nw. Airlines, Inc.*, 33 Wn. App. 297, 300 (1982).  Regarding a settlement agreement, a strong presumption attaches that the parties have considered and settled every existing difference. *Burrows v. Williams*, 52 Wash. 278, 287 (1909); *see also Oregon Mut. Ins. Co. v. Barton*, 109 Wash. App. 405, 414 (Wash. Ct. App. 2001) ("The court presumes that a general settlement agreement embraces all existing claims arising from the underlying incident.").

In *Mutual of Enumclaw Ins. Co. v. State Farm*, 37 Wash. App. 690 (Wash. Ct. App. 1984), the Court of Appeals affirmed summary judgment in favor of State Farm, thereby precluding Mutual of Enumclaw Ins. Co. ("Mutual") from asserting additional/other claims against State Farm arising out of the same/underlying incident that the parties had previously entered into a settlement regarding.  The Court of Appeals noted that Mutual's argument had to be evaluated "in light of the strong policy of encouraging the private settlement of disputes,"

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 8

2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

1 and held that <u>absent an express reservation of rights in the final settlement documents, that

2 Mutual was presumed to have waived any and all claims arising out of the same incident or

3 accident that was the basis of the parties' settlement agreement</u>. *Id.* at 694; *see also id.* at 695

4 ("[E]xcept for claims expressly reserved, a settlement agreement is presumed to embrace all

5 existing claims of the parties arising from the underlying incident[.]") The Court of Appeals

6 cited authority from outside the jurisdiction, which the Court found persuasive and relied on,

7 highlighting one of the problems with leaving other claims open beyond the time of settlement.

8 *See id.* at 694 (surmising that a party would be less inclined to settle if he were apprised of the

9 fact that the opposite party would later force him to litigate issues of liability arising from the

10 same incident) (internal citations omitted).

11       In this case, the parties entered into a settlement agreement expressly intended "to fully

12 and finally resolve any and all issues raised or raiseable…associated with [Plaintiff's]

13 appeal…." The agreement expressly referenced the incident of April 21, 2019, and the injury

14 that allegedly occurred on that date. The parties agreed that the payment identified in the

15 agreement was for settlement of "a disputed claim" and represented "a full, complete, and final

16 settlement of issues concerning closure of Claimant's claim." The agreement did not contain

17 any express reservations preserving claims like those described *supra*.

18       1. <u>Agreement Expressly Or "Presumptively" Precludes Subsequent Civil Lawsuit</u>

19       The plain language in the parties' settlement agreement is broad enough to preclude the

20 filing of the subsequent civil action against Walmart, e.g. the express intent to fully and finally

21 resolve "any and all issues," "raised or raiseable" "associated with" Plaintiff's appeal. <u>The

22 present civil suit arises out of the same incident; seeks compensation for the same injuries and

23 damages; and wrestles with the precisely the same legal concerns</u>, e.g. Plaintiff's entitlement to

24 compensation of one kind or another for injuries allegedly sustained at Walmart in April 2019,

25

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 9

2:21-cv-01412 LK

7511311.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

her "status" as an entrant on land on that date, etc.  If not flat-out *the same* issues as the appeal, issues pertaining to the same incident and injuries, and involving some or all of the same legal claims, are closely aligned enough to be "associated with" the appeal so as to have been "fully and finally resolved" by the express terms of the parties' settlement agreement.

As the above cases make clear, however, this sort of "express" preclusion is not necessary to dissolve all claims "raised or raiseable" arising out of a single underlying incident.  Consistent with Washington public policy strongly favoring settlement and seeking to ensure parties can enter into private settlements without fear of subsequent litigation, "a strong presumption" attaches that the parties have considered and resolved every existing difference when they enter into a settlement agreement even in the absence of express language to this effect.  Thus, Plaintiff has presumptively (if not expressly) relinquished all claims arising out of the alleged incident by settling with Walmart.

### 2. Agreement Operates As Settlement Of "Invitee" Claim By Default

Beyond the potential express or presumptive relinquishment of claims created by the settlement agreement, there is a third, more nuanced basis on which to give this agreement preclusive effect.  At the time the parties entered into this agreement, the operative understanding of both was that Plaintiff was not in the course of her employment with Walmart at the time she was injured.  This was the standing determination of L&I at the time of settlement, which Plaintiff was in the process of appealing.  Thus, by definition or default, at the time Plaintiff entered into a settlement agreement with Walmart, she did so as a "member of the public."  Insofar as this is the basis of the lawsuit before this Court—that Plaintiff was injured at Walmart, not in the course of her employment but as a member of the public—here again the Court should find that Plaintiff released Walmart from liability for such claims.

///

///

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 10

2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

## VI. CONCLUSION

Plaintiff settled her claim with Walmart related to certain injuries sustained on a particular date on store grounds and yet now plainly seeks to recover again for these same alleged injuries. Plaintiff and her attorneys' pursuit of double recovery is deserving of rebuke at a threshold level; however, this conduct is all the more blameworthy in a case such as this where the claim itself—one of employee-versus-employer for unintentional workplace injuries—is clearly prohibited as a matter of law and public policy in Washington State, and where Plaintiff accepted settlement proceeds to let her claim go, then reneged. For all of these reasons, Walmart asks this Court dismiss to Plaintiff's lawsuit with prejudice.

DATED this 9th day of March, 2022.

WILLIAMS, KASTNER & GIBBS PLLC

*By: s/Eddy Silverman*
Rodney L. Umberger, WSBA No. 24948
Eddy Silverman, WSBA No. 53494

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax:    206.628.6611
Email: rumberger@williamskastner.com
         esilverman@williamskastner.com

***Counsel for Defendant Walmart Inc.***

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 11
2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1

# **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

| | |
|---|---|
| WASHINGTON LAW CENTER | ☑ ECF |
| Jonathan S. Burr, WSBA 43615<br>651 Strander Blvd Ste 215<br>Tukwila, WA 98188<br>Tel: (206) 596-7888<br>Email: jburr@washingtonlawcenter.com<br>iaunia@washingtonlawcenter.com | |

*Counsel for Plaintiff*

Signed at Seattle, Washington this 9th day of March, 2022.

WILLIAMS, KASTNER & GIBBS PLLC

*s/Catherine Berry*
Catherine Berry, Legal Assistant
cberry@williamskastner.com

DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT 12

2:21-cv-01412 LK

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7511311.1