UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY THOMAS,<br><br>      Plaintiff,<br><br> v.<br><br>WALMART, INC.,<br><br>      Defendant. | CASE NO. C21-01412-LK<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS |

This matter comes before the Court on Walmart, Inc.'s motion for summary judgment, Dkt. No. 8, and Kelly Thomas's motion for sanctions, Dkt. No. 12. For the reasons set forth below, the Court grants Walmart's motion for summary judgment and denies Ms. Thomas's motion for sanctions.

## I. BACKGROUND

### A. Ms. Thomas Slips and Falls in the Walmart Store Where She Worked

On April 21, 2019, Ms. Thomas visited the Walmart store in Oak Harbor, Washington where she worked to deliver a doctor's note for her mother, who was also a Walmart employee. Dkt. No. 9-1 at 9. After leaving the note with an employee in the personnel office, Ms. Thomas

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS - 1

1  slipped on water in the hallway and fell. *Id.* She claims that as a result of her fall, she has incurred
2  medical expenses, including the cost of surgery, lost wages, and general damages. Dkt. No. 1-3 at
3  2.

**B.    Ms. Thomas Files a Workers' Compensation Claim and Settles with Walmart**

In June 2019, Ms. Thomas applied for workers' compensation benefits with the state Department of Labor and Industries ("L&I") claiming that she injured her right knee and hip when she fell. Dkt. No. 9-1 at 9. L&I initially granted her claim, but after Walmart contested the decision, arguing that Thomas was not in the course of her employment when she fell, L&I denied the claim, finding that "at the time of injury the worker was not in the course of employment[.]" *Id.* at 15; *see id.* at 6–7, 10–17.

Ms. Thomas retained counsel and requested reconsideration, arguing that she "performed actions as an employee serving her employer's business interests as relates to another employee, not as a member of the public, and was badly hurt as a result." *Id.* at 19, 26–28 (claiming Ms. Thomas "was injured in the work environment furthering the employer's business in an employee-only area, not as a member of the public."). The agency agreed to hear her appeal. *Id.* at 30.

While the appeal was pending in June 2021, the parties settled the matter. *Id.* at 32–34. Their settlement agreement provides that Ms. Thomas and Walmart "hereby intend to fully and finally resolve any and all issues raised or raisable by them associated with Claimant's appeal[.]" *Id.* at 32. Walmart agreed to pay Ms. Thomas $80,000, and in return, Ms. Thomas agreed that she would "not seek to set aside or otherwise challenge the Board's Order Dismissing Appeal." *Id.* at 32–33. The parties specified that the sum was "for settlement of a disputed claim for workers' compensation benefits, including, but not limited to, potential temporary and permanent disability benefits." *Id.* at 32–33. The agreement further states that it "expresses a full, complete, and final settlement of issues concerning closure of Claimant's claim." *Id.* at 33.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS - 2

C.     **Ms. Thomas Files Suit**

While her workers' compensation appeal was pending, Ms. Thomas filed a lawsuit against Walmart in Island County Superior Court in April 2021 alleging claims for negligence and premises liability. Dkt. No. 1-3. Walmart asserts—and Ms. Thomas does not contest—that she did not notify its attorneys in the L&I proceedings of the lawsuit, and that those attorneys were not otherwise aware of the suit. Dkt. No. 8 at 3–4. Ms. Thomas's complaint alleges that Walmart breached its duty to inspect for unsafe conditions and failed to "ensure the safety of the public and to exclude possible injury to the public." Dkt. No. 1-3 at 3. In October 2021, Walmart removed the case to this Court. Dkt. No. 1.

Walmart promptly filed for summary judgment and noted its motion for consideration on April 1, 2022. Dkt. No. 8 at 1. Pursuant to Local Civil Rule 7, Ms. Thomas's response was due on March 28, 2022, but she filed nothing until her May 3, 2022 combined response and motion for sanctions against Walmart. Dkt. No. 12. Walmart then filed a combined response to the motion for sanctions and reply to its motion for summary judgment, seeking sanctions based on Ms. Thomas's conduct in this litigation. Dkt. No. 13.[1] Ms. Thomas did not file a reply in support of her motion for sanctions. Although Ms. Thomas's response was filed more than a month late, the Court considers it because Walmart has not moved to strike it and it does not alter the Court's decision on the merits. However, it finds the reason for Ms. Thomas's delayed response unacceptable.

## II.     DISCUSSION

A.     **Jurisdiction**

Walmart contends that this Court has diversity jurisdiction under 28 U.S.C. § 1332, and it removed this action on that basis. Dkt. No. 1 at 4. 28 U.S.C. § 1441 allows a defendant to remove

---

[1] Walmart titled its response as a surreply, Dkt. No. 13, but because it was a timely filed response to Ms. Thomas's motion for sanctions, the Court considers it as such.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS - 3

an action filed in state court to federal district court where the federal district court has original jurisdiction. 28 U.S.C. § 1332 in turn provides for original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there exists complete diversity between the parties. There is complete diversity here because Ms. Thomas is a citizen of Washington, Dkt. No. 1-3 at 1, and Walmart is incorporated in Delaware with its principal place of business in Arkansas. Dkt. No. 1 at 5.

Turning to the amount in controversy, it appears that Ms. Thomas tried to obfuscate that issue to avoid removal. Although Washington law allows a defendant to request a statement of damages and requires the plaintiff to provide one within 15 days of the request, Ms. Thomas did not respond to Walmart's request for a statement of damages. Wash. Rev. Code § 4.28.360; Dkt. No. 1 at 2. Ms. Thomas also refused to substantively respond to Walmart's written discovery request for information about her alleged damages. Dkt. No. 1-2 at 11–12. Counsel had a telephone conference on September 17, 2021, during which Ms. Thomas's counsel represented that the amount in controversy was less than $75,000. Dkt. No. 1-2 at 25. Within hours of making that representation, Ms. Thomas's counsel sent an email to Walmart's counsel with the subject line "ER408—Confidential Settlement" in which he conveyed a settlement demand of $100,000 and wrote that (1) Thomas's lost wages were $72,000, (2) Walmart had "previously agreed that past medical costs amount to $24,000," and (3) "[n]one of these amounts consider pain and suffering." Dkt. No. 1-2 at 24. When Walmart's counsel expressed confusion about the inconsistency between what was said on the phone and in the email, Ms. Thomas's counsel responded that "my client intends to plead damages $75,000 or less." *Id.* at 23. None of Ms. Thomas's filings includes that limitation. And the only "pleading" Ms. Thomas filed—her complaint—could not contain that information since Washington law prohibits parties from including damages information in complaints in personal injury actions. Wash. Rev. Code § 4.28.360; Fed. R. Civ. P. 7(a)

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS - 4

1 (enumerating the types of "pleadings" allowed).

2     Ms. Thomas does not contest that the Court can rely on her settlement demand to establish the amount in controversy, and in the Ninth Circuit, a settlement offer "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 & n.3 (9th Cir. 2002) (per curiam) (rejecting argument that Federal Rule of Evidence 408 bars consideration of settlement offers in determining the amount in controversy for diversity jurisdiction). Here, Ms. Thomas's settlement demand seems to reflect a reasonable estimate of her claim based the amount of her alleged lost wages and medical expenses and the lack of contrary information in the record. Accordingly, the settlement demand establishes that the amount in controversy exceeds $75,000. Dkt. No. 1-2 at 24.

    The Court must also determine whether Walmart timely removed the matter. 28 U.S.C. § 1446(b) requires that a defendant file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Because Ms. Thomas's complaint did not include any information to establish the amount in controversy, it did not trigger the removal period. *See, e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). If the complaint is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A settlement demand "sent during the course of the state court action can constitute 'other paper' within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho*, 629 F.3d at 885. As set forth above, the September 17, 2021 email reflects a reasonable estimate of Ms. Thomas's claim, and Walmart removed this case on October 15, 2021, within 30 days of receiving the email. Dkt. No. 1.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS - 5

Accordingly, Walmart timely removed the matter, and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**B.     Summary Judgment Standard**

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court does not make credibility determinations or weigh the evidence at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The sole inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. And to the extent that the Court resolves factual issues in favor of the nonmoving party, this is true "only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The Court will, however, enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has carried its burden under Rule 56(c), "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Metaphysical doubt is insufficient, *Zenith Radio*, 475 U.S. at 586, as are conclusory, non-specific allegations, *Lujan*, 497 U.S. at 888–89.

**C.     Walmart Is Entitled to Summary Judgment**

Walmart contends that it is entitled to summary judgment because if Ms. Thomas was acting as an employee at the time of her injury, her claims are barred by the exclusive remedy provided under Washington's workers' compensation act, Wash. Rev. Code § 51.04.010 *et seq*.

Dkt. No. 8 at 6; *see, e.g.*, *Spencer v. City of Seattle*, 700 P.2d 742, 743 (Wash. 1985) (holding that employees cannot sue their employers in tort for injuries occurring in the scope of their employment because Washington's workers' compensation act provides an employee's "exclusive remedy"). Ms. Thomas does not dispute that point. Walmart further argues that regardless of Ms. Thomas's employment status when she fell, she is equitably estopped from arguing that she was acting as a member of the public at the time based on her prior inconsistent statements while pursuing workers' compensation benefits. Dkt. No. 8 at 1. Walmart also asserts that her claims are barred by the settlement agreement she signed. *Id.*

For her part, Ms. Thomas argues that Walmart's motion must be denied because (1) there is a genuine issue of material fact regarding whether she was in the scope of her employment when she was injured, (2) Walmart did not serve her with this motion, and (3) Walmart has violated Federal Rule of Evidence 408 by filing the settlement agreement. Dkt. No. 12 at 2–3. She also seeks sanctions based on Walmart's conduct. *Id.* at 5.

The Court first turns to the threshold issues of service of process and admissibility of the settlement agreement, and then addresses the scope of the settlement.

1. <u>Ms. Thomas Was Properly Served</u>

Ms. Thomas argues that the Court should deny Walmart's motion because Walmart failed to serve the motion on her as required by Local Civil Rule 7(b) and Federal Rule of Civil Procedure 5. *Id.* at 3–4. Ms. Thomas's argument is meritless. Her counsel is required to be—and is—registered to receive electronic service in this case, so service was complete when Walmart electronically filed the motion. LCR 5(b) ("As provided by Fed. R. Civ. P. 5(b)(2)(E), if a recipient is a registered participant in the ECF system, service is complete when the document is electronically filed or uploaded to the docket."); *see also* U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases at 2 ("All counsel are

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS - 7

required to electronically file documents and receive electronic service of pleadings and other filings through CM/ECF[.]").

Ms. Thomas's counsel claims that notice of the motion went to an outdated email address at his former law firm, Dkt. No. 12 at 9, but it is not opposing counsel's responsibility to analyze whether a recipient's registered email is current. Instead, it is the email owner's responsibility to keep their email current: all counsel must apprise the Court of any change in their contact information. LCR 10(f). Ms. Thomas's argument also ignores the fact that on the day the motion was filed, the Court's electronic filing system sent notice of the filing to her counsel's personal email address on file, which he then forwarded to himself at his current law firm. Dkt No. 14-1 at 2. Ms. Thomas's opposition to the motion based on an alleged lack of service is unsupported and frivolous.

2. The Settlement Agreement Is Admissible

Ms. Thomas argues that the settlement agreement is inadmissible under Federal Rule of Evidence 408, but the reach of that rule is not as broad as she claims. Rule 408 only excludes evidence of a compromise or settlement when it is offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" Fed. R. Evid. 408. The evidence may be admissible when it is offered for "another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.* The use of the phrase "such as" signifies that the list is illustrative, not exhaustive. *See, e.g.*, *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161 n.9 (9th Cir. 2007).

Walmart is not relying on the settlement agreement to prove or disprove the validity or amount of Ms. Thomas's underlying claim. Rather, Walmart is introducing it to prove that Ms. Thomas settled and released the claims she now asserts. Rule 408 permits admission of settlement

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS - 8

agreements for this purpose. *See, e.g.*, *In re Vidov*, Nos. CC-13-1421-KuBlPa, CC-13-1466-KuBlPa, 2014 WL 3766721, at *6 (B.A.P. 9th Cir. July 31, 2014) ("It is well established that [Rule 408] does not exclude evidence related to a settlement when it is offered for the purposes of interpreting or enforcing the settlement."); 23 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 5314 (2d ed. 1986) (explaining that Rule 408 does not prevent a party from proving an agreement "when the defense to the original claim is predicated on a compromise agreement regarding that claim," including whether the agreement includes a release); *see also* Fed. R. Evid. 408 advisory committee's note to 2006 amendment (evidence of settlement is not precluded by Rule 408 where offered to prove a party's intent with respect to the scope of a release) (citing *Coakley & Williams v. Structural Concrete Equip.*, 973 F.2d 349, 353–54 (4th Cir. 1992) and *Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 691 (7th Cir. 1985)). Accordingly, the settlement agreement is admissible for the purpose of determining if Ms. Thomas settled and released her claims.

        3.      <u>The Settlement Agreement Bars Ms. Thomas's Claims</u>

Having determined that the settlement agreement is admissible, the Court must determine whether it bars Ms. Thomas's claims. The agreement does not contain a choice of law provision, so the Court, sitting in diversity, applies the substantive law of the forum state. *See, e.g.*, *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Under Washington law, "[c]ompromise settlements are governed by the law of contracts." *Oregon Mut. Ins. Co. v. Barton*, 36 P.3d 1065, 1069 (Wash. Ct. App. 2001); *Newport Yacht Club v. City of Bellevue*, C09-0589-MJP, 2011 WL 5417126, at *2 (W.D. Wash. Nov. 9, 2011) ("A settlement agreement is a contract, so the Court applies state law to interpret it."). The Court's "primary objective" in interpreting the agreement is to determine the "mutual intent of the parties at the time they executed" it. *Viking Bank v. Firgrove Commons 3, LLC*, 334 P.3d 116, 120 (Wash. Ct. App. 2014). Washington follows the

"objective manifestation theory" of contract interpretation, focusing on the reasonable meaning of the contract language to determine the parties' intent. *Id.* Courts view the contract as a whole and give words in context "their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (2005). If relevant for determining mutual intent, Washington courts consider extrinsic evidence "'to determine the meaning of *specific words and terms used*' and not to 'show an intention independent of the instrument' or to 'vary, contradict or modify the written word.'" *Id.* (emphasis added in *Hearst*) (quoting *Hollis v. Garwall*, Inc., 974 P.2d 836, 842 (Wash. 1999)).

Walmart contends that "the parties entered into a settlement agreement expressly intended 'to fully and finally resolve any and all issues raised or raisable . . . associated with [Plaintiff's] appeal[.]'" Dkt. No. 8 at 9 (first alteration original) (quoting Dkt. No. 9-1 at 32). Walmart further argues that the agreement (1) referenced the incident and injury that occurred on April 21, 2019, (2) represented a "full, complete, and final settlement of issues concerning closure of Claimant's claim," and (3) did not contain any express reservation of rights. *Id.* (internal quotation marks omitted) (quoting Dkt. No. 9-1 at 33). Ms. Thomas does not dispute any of those points. Nor does she dispute that the agreement is enforceable and broad enough to bar her claims.

The language of the agreement confirms that Ms. Thomas settled the claims she brings in this case. The agreement states that the parties intended to resolve issues raised "or raiseable [sic] . . . associated with" Ms. Thomas's appeal. Such issues include not only her workers' compensation claim and appeal, but also any raisable claims "associated with" that appeal. Dkt. No. 9-1 at 32; *see, e.g., Chadwick v. Nw. Airlines, Inc.*, 654 P.2d 1215, 1217 (Wash. Ct. App. 1982) (affirming grant of summary judgment based on settlement of claims and explaining that a release in a settlement agreement "generally extends to all matters within the parties' contemplation at the time it is executed."), *aff'd*, 667 P.2d 1104 (Wash. 1983). Tort claims were within the parties'

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS - 10

1  contemplation at the time of the settlement because Ms. Thomas had already filed this lawsuit
2  alleging those claims, and Walmart had asserted that Ms. Thomas was injured as a member of the
3  public, not as an employee. Dkt. No. 8 at 3–4, 10. Ms. Thomas's current claims are also "associated
4  with" her workers' compensation claim: her claims in this case arise out of the same incident and
5  the same alleged injury. *Compare* Dkt. No. 9-1 at 32, *with* Dkt. No. 1-3 at 2.

   In addition, there is a "strong policy of encouraging the private settlement of disputes."
*Mut. of Enumclaw Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 682 P.2d 317, 319 (Wash. Ct. App.
1984). The agreement includes no reservation of rights, Dkt. No. 9-1 at 32–34, so it "is presumed
to embrace all existing claims of the parties arising from the underlying incident," *Mut. of
Enumclaw Ins. Co.*, 682 P.2d at 320; *Oregon Mut. Ins. Co.*, 36 P.3d at 1069 (explaining that a
"strong presumption attaches that the parties have considered and settled every existing
difference."). "To overcome this strong presumption requires 'testimony so clear and convincing
that the court can free the transaction from all doubt as to the intent of the parties.'" *Oregon Mut.
Ins. Co.*, 36 P.3d at 1069 (quoting *Burrows v. Williams*, 100 P.3d 340, 343 (Wash. 1909)). Here,
Ms. Thomas offers no contrary evidence regarding the meaning of the contract or the parties'
intent, much less "clear and convincing" evidence. Because she has settled the claims she attempts
to bring in this case, Walmart is entitled to summary judgment.

**D.   Sanctions**

Each party seeks sanctions against the other. For the reasons below, the Court holds that sanctions are not warranted.

   1.   <u>Ms. Thomas's Motion for Sanctions</u>

Ms. Thomas seeks sanctions against Walmart under Federal Rule of Civil Procedure 11, complaining that Walmart made inconsistent arguments about whether she was acting as an employee when she was injured, ignored disputed facts about that issue that preclude summary

judgment, and improperly filed the settlement agreement in violation of Federal Rule of Evidence 408. Dkt. No. 12 at 5.

Ms. Thomas is not entitled to sanctions under Rule 11 because she has not complied with its procedural requirement to serve the motion for sanctions on Walmart—with an opportunity to cure the allegedly sanctionable filing—before filing it. Fed. R. Civ. P. 11(c)(2); *see also, e.g.*, *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (explaining that the purpose of the safe harbor provision is to "give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*.") (emphasis in original); *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) ("A motion for sanctions may not be filed . . . unless there is strict compliance with Rule 11's safe harbor provision."). And even if Ms. Thomas had complied with Rule 11's safe harbor provision, sanctions are unwarranted. The Court therefore denies Ms. Thomas's motion for sanctions.

2. Walmart's Request for Sanctions

Walmart asks the Court to impose sanctions on Ms. Thomas and her attorney pursuant to the Court's inherent authority because Ms. Thomas "tried to settle the same dispute with Walmart twice," and her attorney falsely claimed that he had not been served with Walmart's motion. Dkt. No. 13 at 11–12. Pursuant to its inherent authority, a court may impose sanctions against a party or its attorney "if the court specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Although it is true that Ms. Thomas's counsel falsely claimed that Walmart did not serve its motion for summary judgment and related documents on Ms. Thomas, Dkt. No. 12 at 9, even though service of those documents was complete when Walmart filed them using the Court's electronic filing system, LCR 5(b), Walmart is not entitled to sanctions because its request is procedurally improper. Walmart included its request for sanctions in its filing titled "sur-reply in

support of motion for summary judgment and opposition to plaintiff's motion for sanctions" and did not style or note that filing as a motion. Dkt. No. 13 at 1. By filing its request for affirmative relief that way, Walmart deprived Thomas and her counsel of a full opportunity to respond. *See, e.g.*, *Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022) ("it is procedurally improper to include a request for affirmative relief in a response brief"); *Campbell v. Puget Sound Collections, Inc.*, No. C21-5429-RSM, 2022 WL 73867, at *5 (W.D. Wash. Jan. 7, 2022). The Court therefore denies Walmart's request for sanctions.

For the same reason, the Court declines to impose sanctions under its inherent authority against Ms. Thomas's counsel—payable to the *Court*—for his false statements and for filing a frivolous Rule 11 motion for sanctions. LCR 11(c). However, counsel's conduct falls well below that expected in this district. Counsel is reminded that this Court expects adherence to all applicable Court rules, including but not limited to Federal Rule of Civil Procedure 11 and Local Civil Rule 11. Future violations may result in sanctions.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Walmart's motion for summary judgment, Dkt. No. 8, DENIES Walmart's request for sanctions, and DENIES Ms. Thomas's motion for sanctions, Dkt. No. 12.

Dated this 6th day of March, 2023.

Lauren King
United States District Judge